UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-81758-RAR

**DONALD J. TRUMP,**

    Plaintiff,

v.

**SELECT COMMITTEE TO INVESTIGATE
THE JANUARY 6TH ATTACK ON THE
UNITED STATES CAPITOL**, *et al.*,

    Defendants.
_____/

## **ORDER OF DISMISSAL**

**THIS CAUSE** comes before the Court upon Plaintiff's Suggestion of Mootness, [ECF No. 8], filed on December 30, 2022.  Plaintiff Donald J. Trump filed his Complaint, [ECF No. 1], on November 11, 2022, to prevent the enforcement of a subpoena issued by the House Select Committee to Investigate the January 6th Attack on the U.S. Capitol ("Select Committee"). However, on December 28, 2022, the Chairman of the Select Committee sent Plaintiff's counsel a letter withdrawing the subpoena at issue in this case.  [ECF No. 8-1].  As a result, Plaintiff maintains this case is moot and should be dismissed for lack of subject matter jurisdiction as "there would appear to be no need for further relief from this Court and therefore no live controversy between the parties related to the previously issued subpoena." [ECF No. 8] at 1.

Federal courts only have subject matter jurisdiction over "cases or controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing U.S. Const. art. III, § 2).  "When the delegates to the Constitutional Convention gathered in the summer of 1787, the extent of federal-court jurisdiction formed a focal point of their discussions." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990,

996 (11th Cir. 2020). Ultimately, the "judicial power" bestowed upon federal courts under Article III of the United States Constitution by the Founders was limited to resolve only "Cases" or "Controversies." *Id.* (citing U.S. Const. art. III, § 1–2). "As a result, federal courts may exercise their power only 'for the determination of real, earnest, and vital controversy between individuals.'" *Id.* (quoting *Chi. & Grand Trunk Ry. Co. v. Wellman*, 143 U.S. 339, 345 (1892)). Indeed, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). It is this "case-or-controversy requirement, embodied in the doctrine of standing, [that] 'confines the federal courts to a properly judicial role.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

Here, the recent withdrawal of the subpoena at issue has effectively eliminated any "real, earnest, and vital controversy" between the parties. *Trichell*, 964 F.3d at 996. Consequently, the Court is without subject matter jurisdiction. Thus, having carefully reviewed the record and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the above-styled case is **DISMISSED** *without prejudice*.[1]  All pending motions are **DENIED as MOOT** and the Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 4th day of January, 2023.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**

---

[1] "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).